IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL RAY SWANSON,**

    Plaintiff,

    v.

**UNITED STATES ATTORNEY GENERAL, et al.,**

    Defendants.

No. 3:17-cv-00216-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Defendants' Motion to Dismiss [7] Plaintiff Michael Ray Swanson's Amended Complaint [6] for lack of subject matter jurisdiction. Mr. Swanson responded in opposition [10], and Defendants replied [11]. For the reasons set forth below, I GRANT Defendants' Motion to Dismiss.

## BACKGROUND

The exact nature of Mr. Swanson's claims is not clear from the face of his Complaint and Amended Complaint. I agree with Defendants that he appears to bring two claims: (1) a tort claim seeking damages for illness allegedly related to chemical exposure during his military service, and (2) an appeal of a denial of his veterans' benefits. According to the original Complaint and Amended Complaint, Mr. Swanson claims this Court has subject matter jurisdiction to hear these claims based on federal question jurisdiction. The Government

1 – OPINION AND ORDER

contends, however, that this Court lacks subject matter jurisdiction to review either of Mr. Swanson's claims.

## LEGAL STANDARD

A Plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction" in their complaint. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012), (quoting Fed. R. Civ. P. 8(a)). Subject matter jurisdiction may be based on federal question jurisdiction, and a "plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *see also* 28 U.S.C. § 1331 ("The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for a lack of subject matter jurisdiction when it is not clear that the proper jurisdictional requirements have been met. Fed. R. Civ. P. 12(b)(1). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

In his Complaint and Amended Complaint, Mr. Swanson alleges the Court has subject matter jurisdiction to hear his claims based on federal question jurisdiction. As such, his claims

must be grounded in federal law. As explained below, I find that the Court does not have subject matter jurisdiction over Mr. Swanson's tort claim or his claim seeking veterans' benefits.

## I. Tort Claim

The Federal Tort Claims Act ("FTCA") allows private parties to sue the United States in district court when alleging a tort was committed by a federal employee. 28 U.S.C. § 1346(b); *see also Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008) ("The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees."). However, the FTCA requires a plaintiff to bring an administrative tort claim to the appropriate federal agency prior to pursuing a tort claim in federal court. 28 U.S.C. § 2675(a); *see also Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977) ("The claim requirement of section 2675 is jurisdictional in nature and may not be waived."). The claim must be finally denied by the relevant administrative agency in writing or left pending for six months without final disposition before the tort action can be brought in federal district court. 28 U.S.C. § 2675(a). This is called exhaustion of administrative remedies.

Here, Mr. Swanson has failed to exhaust his administrative tort claim with the Veterans Administration ("VA") before bringing this case. He filed an administrative tort claim with the VA's San Francisco Regional Office on May 15, 2017, which was after initiating this case. He has not provided any information in the record to show that a final disposition has been made on that claim. Until Mr. Swanson exhausts his administrative remedies with the Secretary of the VA as required by the FTCA, this Court lacks subject matter jurisdiction to review his tort claim. Accordingly, I DISMISS this claim without prejudice.

## II. Veteran's Benefits Denial Claim

The Veterans Judicial Review Act ("VJRA") governs the process for seeking veterans' benefits. It states that the Secretary of Veterans Affairs is responsible for decisions affecting provision of veterans' benefits and that the Secretary's decisions "shall be final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a). Once the Secretary has denied a claim, it can then be appealed to the Board of Veterans' Appeals; and subsequently to the United States Court of Appeals for Veterans Claims ("Veterans Court"). *See* 38 U.S.C. §§ 7104(a), 7252(a); *Veterans for Common Sense v. Shineski*, 678 F.3d 1013, 1021-22 (9th Cir. 2012) (en banc). The United States Court of Appeals for the Federal Circuit holds exclusive jurisdiction over review of Veterans Court decisions, and Federal Circuit decisions are subject to review by the Supreme Court. 38 U.S.C. § 7292(c)-(d); *Veterans for Common Sense*, 678 F.3d at 1022.

Under the VJRA, then, this Court does not have subject matter jurisdiction to review the denial of veterans' benefits. Accordingly, I do not have jurisdiction to hear Mr. Swanson's claim regarding his denial of benefits. I, therefore, DISMISS this claim with prejudice.

///

///

///

///

///

///

///

///

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [7] is GRANTED. Mr. Swanson's tort claim is DISMISSED without prejudice, as this Court may have subject matter jurisdiction to hear this claim again after Mr. Swanson's administrative remedies have been exhausted. Mr. Swanson's claim related to the denial of his veterans' benefits is DISMISSED with prejudice in this Court, but he may pursue it as appropriate under the VJRA.

IT IS SO ORDERED.

DATED this   6th   day of July, 2017.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge